UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-62086-WJZ

ADAM MIRABELLA, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC., a
Florida corporation doing business as VPX,

      Defendant.
_____/

## RESPONSE FOR REQUEST FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 36, the Defendant Vital Pharmaceuticals, Inc. hereby responds to the Request for Admissions served by ADAM MIRABELLA, on behalf of himself and all others similarly situated, as follows:

### General Objections

(a)     The Defendant objects to the Plaintiff's Requests for Admission to the extent that the Requests invade the attorney client and/or work product.

(b)     The Defendant objects to the Plaintiff's definition of "Putative Class Members" and/or "members of the Class" as being overly broad, vague and not limited in scope to the subject matter set forth in the Amended Complaint. Defendant further objects that this matter does not satisfy the requirements of Fed. R. Civ. P. 23, and that no Class could be properly certified.

(c)     The Defendant objects to the Plaintiff's definition of "Document" because the phrase "without limitations" renders this definition overly broad, vague, ambiguous, unlimited in scope and the information that would be encompassed by this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(d)     The Defendant objects to the Plaintiff's definition of the terms "relating to" as they are defined using the phrase "without limitation." This renders this definition

overly broad, vague, ambiguous, unlimited in scope and the information subject to this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(e) The Defendant objects to the Plaintiff's definition of "Consumer" as being vague and ambiguous, and to the extent that is seeks information that is not within the purview of knowledge of this Defendant.

(f) The Defendant objects to the Plaintiff's definition/instructions regarding the terms "and" and "or" as the definition impermissibly expands the scope of the discovery requests beyond that which is permitted by the Federal Rules of Civil Procedure and renders each and every request overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

(g) The Defendant objects to the Plaintiff's definition of the terms "Study" and "Studies" as being overly broad, vague and ambiguous.

(h) The Defendant objects to the Plaintiff's definition of the terms "Communication" and "Communications" as these definitions are overly broad, vague, ambiguous, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

(i) The Defendant objects to all Requests which in any way reference "Financial Statements" as defined by the Plaintiff as this information is confidential, proprietary in nature and/or otherwise not subject to discovery.

(j) The Defendant objects to the definition of "Supply Chain Participant" because it is overly broad and vague, and it renders all requests incorporating this phrase to be virtually unlimited in scope and includes individuals which are not employed, managed, supervised or controlled by this Defendant.

(k) The Defendant objects to the definition of "Identify" as being overly broad, unduly burdensome, oppressive and harassing. Further, as defined this term encompasses information that is not reasonably calculated to lead to the discovery of admissible evidence.

(l) The Defendant objects to the Plaintiff's Requests for Admission to the extent that the Requests are overly broad, impermissibly vague, and/or fail to describe the information sought to be admitted or denied with reasonable particularity.

(m) The Defendant objects to the Plaintiff's Requests for Admission to the extent that they do not pertain to matters within the scope of Fed. R. Civ. P. 26(b)(1).

(n) The Defendant objects to the Plaintiff's Requests for Admission because they do not relate to (A) facts, the application of law to fact, or opinions about either; or (B) the genuineness of any described documents.

(o) The Defendant objects to the Plaintiffs' Requests for Admission to the extent that the Requests reference or pertain to products other than the subject product identified by the Plaintiff in the Amended Complaint. Such information being sought is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

(p) By responding to the Requests for Admission, the Defendant does not in any way waive and in fact preserves the foregoing objections:
 i. All objections as to competency, relevancy, and the admissibility of the responses or subject matter thereof;
 ii. All objections as to vagueness, ambiguity, over-breadth, and imposition of an undue burden;
 iii. All objections as to requests that seek documents not within Defendant's possession, custody or control;
 iv. All rights to objects on any grounds to the use of any response provided by Defendant, or to the subject matter of the response, in any proceeding, including the trial in this or any other action; and
 v. All rights to objects to any request for further response to these or any other discovery requests involving or relating to the subject matter of these requests.

The Defendant reserves the right to supplement its responses with any other appropriate objections.

### Responses to Plaintiff's Requests for Admission

1. Admit that you sold the PRODUCT throughout the United States.

   **RESPONSE: Objection. This Request is vague and ambiguous as to the phrase "throughout the United States." Further, it is not limited in scope with respect to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme was sold in the United States at the time of the incident described in the Amended Complaint.**

2. Admit that you sold the PRODUCT in each of the United States.

   **RESPONSE: Objection. This Request is vague and ambiguous as to the term "sold" and the phrase "throughout the United States." Further, it is not limited in scope with respect to any timeframe. Subject to and without waiving the foregoing objections, Redline Xtreme was available for purchase online from VPX at the time of the incident described in the Amended Complaint.**

3. Admit that the PRODUCT was marketed as a product to be consumed.

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the term "marketing." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme was sold for human use at the time of the incident described in the Amended Complaint.**

4. Admit that the marketing and labeling of the PRODUCT was uniform and consistent throughout each of the United States.

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the term "marketing." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, Redline Xtreme was available for purchase online from VPX with the label as it existed at that time at the time of the incident described in the Amended Complaint.**

5. Admit that the PRODUCT was marketed as a product to be consumed that would then provide enhanced energy.

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the term "marketed." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing**

objections, the Defendant admits that Redline Xtreme was sold as an energy drink at the time of the incident described in the Amended Complaint.

6. Admit that the PRODUCT was marketed as a product to be consumed that would then improve reaction time.

   **RESPONSE: Objection.** This Request is vague, ambiguous and overly broad with respect to the term "marketed." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme was sold as an energy drink at the time of the incident described in the Amended Complaint.

7. Admit that the PRODUCT was marketed as a product to be consumed that would then increase mental focus.

   **RESPONSE: Objection.** This Request is vague, ambiguous and overly broad with respect to the term "marketed." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme was sold as an energy drink at the time of the incident described in the Amended Complaint.

8. Admit that you contend that it is University proven that the PRODUCT will provide a 7.5% improvement in reaction time, 13% increase in energy, and 15% increase in mental focus.

   **RESPONSE: Objection.** This Request is compound and it is not limited in scope with respect to the product identified in the Amended Complaint and therefore pertains to products which are not the same as or substantially similar to the product at issue. Therefore, the Request is not reasonably designed to limit or narrow the issues in the subject lawsuit. Further, the request is not limited in scope to any timeframe. Due to the deficiencies in the Request, the Request is denied.

9. Admit that the Product, Redline Xtreme contains 2, 4 ounce servings.

   **RESPONSE: Objection.** This Request is not limited in scope to any timeframe. Subject to and without waving the foregoing objection, the Defendant admits only that Redline Xtreme RTD product which was sold at the time of the incident alleged in the Amended Complaint contained 2, 4 ounce servings.

10. Admit that the PRODUCT was marketed as a product to be consumed that would perform as a dietary supplement.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the term "marketed." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme was sold as an energy drink at the time of the incident described in the Amended Complaint.**

11. Admit that when marketing the Product, you have choice to label the Product as a dietary supplement or an energy drink.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the term "marketing." Further, the Request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant denies this Request.**

12. Admit that YOU have received reports of persons claiming to have suffered harm (physical or economic) as a result of using the PRODUCT.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the terms "reports" and "suffered harm." Further, it is not limited in scope to any timeframe or to the same or similar product allegedly used by the Plaintiff as described in the Amended Complaint. Subject to and without waiving the foregoing objections, admitted.**

13. Admit that YOU have received reports of persons claiming the PRODUCT advertisements as misleading.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad. Defendant does not understand what is meant b' a "report of persons claiming the PRODUCT advertisements as [sic] misleading," for example whether this Request is seeking information regarding Adverse Experience Reports or something else. Therefore, denied.**

14. Admit that individuals paid money to purchase the PRODUCT.

    **RESPONSE: Objection. This request is vague, ambiguous and overly broad. Further, it is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme has been purchased by consumers.**

15. Admit that each individual who purchased the PRODUCT did not get full value for the price they paid for the PRODUCT.

    **RESPONSE: Denied.**

16. Admit that YOU have not refunded the full purchase price to each purchaser of the PRODUCT.

    **RESPONSE: Objection. This request is vague, ambiguous and overly broad. Further, it is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the Defendant admits that Redline Xtreme has been purchased by consumers, both directly from VPX as well as from retailers. VPX admits only that is has sold Redline Xtreme to consumers and that a refund has not been requested as to each of those sales.**

17. Admit that the PRODUCT contains the stimulant Yohimbine.

    **RESPONSE: The Defendant admits that Redline Xtreme RTD product which was sold at the time of the incident alleged in the Amended Complaint contained Yohimbine.**

18. Admit that consumption of excessive amounts Yohimbine can cause side effects such as rapid heart rate, high blood pressure, panic attacks, headaches, and hallucinations.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the terms "excessive amounts," "rapid heart rate," "high blood pressure," "panic attacks," "headaches" and "hallucinations." Subject to and waiving the foregoing objections, this Defendant has conducted a diligent investigation but due to the deficiencies in the request, it is without knowledge and therefore this Request is denied.**

19. Admit that you have received reports from persons claiming to have suffered the adverse side effects associated with Yohimbine.

    **RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the phrase "adverse side effects." Subject to and without waiving the foregoing objections, without knowledge therefore denied.**

20. Admit that the PRODUCT contains the vinpocetine.

**RESPONSE: The Defendant admits that Redline Xtreme RTD product which was sold at the time of the incident alleged in the Amended Complaint contained vinpocetine.**

21. Admit that side effects of consuming vinpocetine include dizziness, nausea, anxiety, headaches, insomnia and temporary drops in blood pressure.

**RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the terms "dizziness," "nausea," "anxiety," "headaches," "insomnia" and "temporary drops in blood pressure." Subject to and waiving the foregoing objections, this Defendant has conducted a diligent investigation but due to the deficiencies in the request, it is without knowledge and therefore this Request is denied.**

22. Admit that you have received reports from persons claiming to have suffered the side effects associated with the vincamine derivative vinpocetine.

**RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the phrase "adverse side effects." Subject to and without waiving the foregoing objections, without knowledge therefore denied.**

23. Admit that the PRODUCT does contain 5-hydroxytryptophan (5-HTP).

**RESPONSE: The Defendant admits that Redline Xtreme RTD product which was sold at the time of the incident alleged in the Amended Complaint contained 5-HTP.**

24. Admit that there is evidence indicating possible side effects of 5-HTP include heart valve damage or disease.

**RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the terms "evidence," "indicating," "possible," "side effects," and the phrase" heart valve damage or disease." Subject to and waiving the foregoing objections, this Defendant has conducted a diligent investigation but due to the deficiencies in the request, it is without knowledge and therefore this Request is denied.**

25. Admit that you have received reports from persons claiming to have suffered the adverse side effects associated with 5-hydroxytryptophan (5-HTP).

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the phrase "adverse side effects." Subject to and without waiving the foregoing objections, without knowledge therefore denied.**

26. Admit that YOU were aware of and permitted the addition of Yohimbine, vinpocetine, and 5-HTP to the Product.

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad with respect to the terms "aware" and "permitted." Further, it is not limited in scope to any timeframe or to the same or similar product allegedly used by the Plaintiff as described in the Amended Complaint. Subject to and without waiving the foregoing objections, the Defendant admits that it manufactured the Redline Xtreme RTD product which contained Yohimbine, vinpocetine, and 5-HTP.**

27. Admit that the PRODUCT does not warn of the specific dangers of consuming vinpocetine, 5-HTP, or excessive amounts of Yohimbine.

   **RESPONSE: Objection. This Request is vague, ambiguous and overly broad as to the terms/phrases "specific dangers" and "excessive amounts." Subject to and without waiving the foregoing objections, this Request is denied.**

28. Admit that each 8 oz. bottle of the PRODUCT contains at least 316 milligrams of caffeine.

   **RESPONSE: Denied.**

29. Admit that on the website for the PRODUCT, purchasers are encouraged to consume the PRODUCT until they experience a "shivering response."

   **RESPONSE: Denied.**

30. Admit that YOU state PRODUCT should not be used for weight reduction.

   **RESPONSE: The Defendant admits at the time of the incident described in the Amended Complaint, the label for the Redline Xtreme product stated "Do not use for weight reduction."**

31. Admit that You had knowledge of the particular purpose for a consumer purchasing the PRODUCT.

    **RESPONSE: Denied.**

32. Admit that Defendant breached at least one implied warranty to Plaintiff and/or members of the CLASS in its sale of the PRODUCT.

    **RESPONSE: Denied.**

33. Admit that YOU advertised the PRODUCT throughout the United States.

    **RESPONSE: Objection. This Request is vague and ambiguous as to the phrase "advertised throughout the United States." Further, this Request is not limited in scope to any timeframe, therefore it is overly broad. Subject to and without waiving the foregoing objections, the Defendant admits that on the date of the alleged incident, it advertised Redline Xtreme online and in various periodicals.**

34. Admit that YOU advertised the PRODUCT in each of the United States.

    **RESPONSE: Objection. This Request is vague and ambiguous as to the phrase "in each of the United States." Further, this Request is not limited in scope to any timeframe, therefore it is overly broad. Subject to and without waiving the foregoing objections, the Defendant admits that on the date of the alleged incident, it advertised Redline Xtreme online and in various periodicals.**

35. Admit that the Plaintiff paid money to purchase the PRODUCT.

    **RESPONSE: Without knowledge, therefore Denied.**

36. Admit that members of the Class paid money to purchase the PRODUCT.

    **RESPONSE: Without knowledge, therefore denied.**

37. Admit that the Plaintiff perceived the advertising for the PRODUCT.

    **RESPONSE: Without knowledge, therefore denied.**

38. Admit that Product's warning label is not in a straight line and is in font size less than that required by the FDA for dietary supplements.

    **RESPONSE: Denied.**

39. Admit that Product's warning label is not in a straight line and is in font size less than that required by the FDA for energy drink beverages.

    **RESPONSE: Denied.**

40. Admit that members of the Class perceived the advertising for the PRODUCT.

    **RESPONSE: Without knowledge, therefore denied.**

41. Admit that YOU breached an implied warranty to the Plaintiff during the CLASS PERIOD, specifically that the PRODUCT would safely provide its advertised benefits.

    **RESPONSE: Denied.**

42. Admit that YOU violated the Magnusson-Moss Warranty Act in regards to the sale of the PRODUCT during the CLASS PERIOD

    **RESPONSE: Denied.**

43. Admit that YOUR PRODUCT may cause adverse health effects.

    **RESPONSE: Denied.**

44. Admit that PRODUCT's warning label is inconsistent with FDA regulations.

    **RESPONSE: Denied.**

45. Admit that PRODUCT's font size used in its warning label is too small for a reasonably prudent person to read and understand fully.

    **RESPONSE: Denied.**

46. Admit that a shivering sensation and tingling of the skin is a normal reaction when using PRODUCT.

    **RESPONSE: Denied.**

47. Admit that YOU understand that one bottle of PRODUCT contains more than three cups of coffee.

   **RESPONSE: Denied.**

48. Admit that if the Product does not safely provide increased energy, mental focus, and improvement in reaction time that it is not fit for its intended purpose.

   **RESPONSE: Denied.**

49. Admit that Plaintiff's claims are not preempted by Federal laws or regulations.

   **RESPONSE: Denied.**

50. Admit that the Product's ingredients and label was not modified or altered after it left the possession and control of Defendant.

   **RESPONSE: Without knowledge, therefore denied.**

51. Admit that the Product is delivered to consumers in a sealed container.

   **RESPONSE: The Defendant admits that all products manufactured by the Defendant leave the possession custody and control of the Defendant in sealed containers. Otherwise, this Defendant is without knowledge and the remaining portions of this request are denied.**

52. Admit that YOU advertise the Product directly to consumers.

   **RESPONSE: Objection. This Request is vague and ambiguous as to the phrase "directly to consumers." Further, this Request is not limited in scope to any timeframe, therefore it is overly broad. Subject to and without waiving the foregoing objections, the Defendant admits that on the date of the alleged incident, it advertised Redline Xtreme online and in various periodicals.**

53. Admit that you do not have any evidence that Plaintiff misused the Product.

   **RESPONSE: Without knowledge, therefore denied.**

54. Admit that the Product contains a combination of ingredients that render it unfit for human consumption.

   **RESPONSE: Denied.**

55. Admit that if consumers knew the true nature and volume of the reported adverse effects associated with consumption of the Product, that consumers would not purchase the Product.

    **RESPONSE: Denied.**

56. Admit that all products intended for human consumption impliedly warrant that they will provide the advertised benefit of the Product without adverse health effects.

    **RESPONSE: Denied.**

57. Admit that for a product to be merchantable, it must not unreasonably cause adverse health effects when used as directed.

    **RESPONSE: Denied.**

58. Admit that if a Product cannot safely provide its advertised benefits than it is valueless to the consumer.

    **RESPONSE: Denied.**

59. Admit that if a Product does not provide the advertised benefits for which the consumer purchased the Product than it is valueless to the consumer.

    **RESPONSE: Denied.**

60. Admit that a lack of an adequate warning of the severity of the adverse side effects associated with a Product is material to the average consumer.

    **RESPONSE: Denied.**

61. Admit that the Product's label does not inform consumers of the severity of the adverse health effects associated with the Product, the potential for hospitalization, the true strength of the Product, the dangers of consuming the Product without supervision, or the steps to take in the event that adverse side effects do not subside.

**RESPONSE: Objection. This request is argumentative, presumes facts not in evidence and is vague and ambiguous. Subject to and without waiving the foregoing objections, denied.**

I HEREBY CERTIFY that on October 28, 2013 the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Steven Y. Leinicke, Esq.
Florida Bar No. 174483
Jordan S. Cohen, Esq.
Florida Bar No. 551872
James D. Murdock, II
Florida Bar No. 16806
WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorneys for Vital Pharmaceuticals, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353

**Service List**

Joshua H. Eggnatz, Esq.
The Eggnatz Law Firm, P.A.
1920 N. Commerce Parkway, Suite 1
Weston, Florida 33326
Tel: (954) 634-4355
Fax: (954) 634-4342
jeggnatz@eggnatzlaw.com
Counsel for the Plaintiff
Served by CM/ECF