72599-7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:12-cv-62086-WJZ

ADAM MIRABELLA, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC.,
a Florida corporation doing business as
VPX,

    Defendant.
_____/

**NOTICE OF SERVING SUPPLEMENTAL**
**RESPONSES TO INTERROGATORIES**

NOTICE IS HEREBY GIVEN that Supplemental Responses to the Interrogatories propounded to Defendant VITAL PHARMACEUTICALS, INC. by Plaintiff ADAM MIRABELLA on September 16, 2013 have been furnished to: all counsel of record on date shown below.

WE HEREBY CERTIFY that a copy hereof has been furnished to Joshua H. Eggnatz, Esq., jeggnatz@eggnatzlaw.com; by e-mail on this 5th day of February, 2014.

                                                     *s/Jordan S. Cohen* .
                                                   Steven Y. Leinicke, Esquire
                                                   Florida Bar No. 174483
                                                   Jordan S. Cohen, Esquire
                                                   Florida Bar No. 551872
                                                   James D. Murdock, II, Esquire
                                                   Florida Bar No. 16806
                                                   WICKER, SMITH, O'HARA,
                                                      McCOY & FORD, P.A.
                                                   Attorneys for Vital Pharmaceuticals, Inc.
                                                   515 E. Las Olas Boulevard

CASE NO. 0:12-cv-62086-WJZ

SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE NO. 0:12-cv-62086-WJZ

## General Objections

(a) The Defendant objects to the Plaintiff's Interrogatories to the extent that the Requests invade the attorney client and/or work product.

(b) The Defendant objects to the Plaintiff's definition of "Putative Class Members" and/or "members of the Class" as being overly broad, vague and not limited in scope to the subject matter set forth in the Amended Complaint. Defendant further objects that this matter does not satisfy the requirements of Fed. R. Civ. P. 23, and that no Class could be properly certified.

(c) The Defendant objects to the Plaintiff's definition of "Document" because the phrase "without limitations" renders this definition overly broad, vague, ambiguous, unlimited in scope and the information that would be encompassed by this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(d) The Defendant objects to the Plaintiff's definition of the terms "relating to" as they are defined using the phrase "without limitation." This renders this definition overly broad, vague, ambiguous, unlimited in scope and the information subject to this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(e) The Defendant objects to the Plaintiff's definition of "Consumer" as being vague and ambiguous, and to the extent that is seeks information that is not within the purview of knowledge of this Defendant.

(f) The Defendant objects to the Plaintiff's definition/instructions regarding the terms "and" and "or" as the definition impermissibly expands the scope of the discovery requests beyond that which is permitted by the Federal Rules of Civil Procedure and renders each and every request overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

(g) The Defendant objects to the Plaintiff's definition of the terms "Study" and "Studies" as being overly broad, vague and ambiguous.

(h) The Defendant objects to the Plaintiff's definition of the terms "Communication" and "Communications" as these definitions are overly broad, vague, ambiguous, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

(i) The Defendant objects to all Interrogatories which in any way reference "Financial Statements" as defined by the Plaintiff as this information is confidential, proprietary in nature and/or otherwise not subject to discovery.

CASE NO. 0:12-cv-62086-WJZ

(j)      The Defendant objects to the definition of "Supply Chain Participant" because it is overly broad and vague, and it renders all requests incorporating this phrase to be virtually unlimited in scope and includes individuals which are not employed, managed, supervised or controlled by this Defendant.

(k)      The Defendant objects to the definition of "Identify" as being overly broad, unduly burdensome, oppressive and harassing. Further, as defined this term encompasses information that is not reasonably calculated to lead to the discovery of admissible evidence.

(l)      The Defendant objects to the Plaintiff's Interrogatories to the extent that they are overly broad, impermissibly vague, and/or fail to describe the information sought to be admitted or denied with reasonable particularity.

(m)      The Defendant objects to the Plaintiff's Interrogatories to the extent that they do not pertain to matters within the scope of Fed. R. Civ. P. 26(b)(1).

(n)      The Defendant objects to the Plaintiff's Interrogatories because they do not relate to (A) facts, the application of law to fact, or opinions about either; or (B) the genuineness of any described documents.

(o)      The Defendant objects to the Plaintiffs' Interrogatories to the extent that they reference or pertain to products other than the subject product identified by the Plaintiff in the Amended Complaint. Such information being sought is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

(p)      By responding to the Interrogatories, the Defendant does not in any way waive and in fact preserves the foregoing objections:
         i.      All objections as to competency, relevancy, and the admissibility of the responses or subject matter thereof;
         ii.      All objections as to vagueness, ambiguity, over-breadth, and imposition of an undue burden;
         iii.      All objections as to requests that seek documents not within Defendant's possession, custody or control;
         iv.      All rights to objects on any grounds to the use of any response provided by Defendant, or to the subject matter of the response, in any proceeding, including the trial in this or any other action; and
         v.      All rights to objects to any request for further response to these or any other discovery requests involving or relating to the subject matter of these requests.

CASE NO. 0:12-cv-62086-WJZ

The Defendant reserves the right to supplement its responses with any other appropriate objections.

## DEFENDANT VITAL PHARMACEUTICALS, INC.'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1. If YOUR response to any of the Requests for Admissions served herewith as Exhibit B is anything other than an unqualified "Admit," describe in detail, by reference to the request number, the factual basis YOU contend supports each of those responses, identifying YOUR party most knowledgeable regarding those facts and all DOCUMENTS that YOU contend support those facts.

    **RESPONSE:** **Objection. This Interrogatory is compound, oppressive, harassing, overly broad and unduly burdensome. Further, the Defendant specifically reincorporates its General Objection (c) as to the definition of "DOCUMENTS" as though fully set forth herein. Additionally, the Defendant objects to this interrogatory to the extent that it impermissibly seeks the mental impressions of defense counsel and/or seeks information that is protected as work product, by the attorney client privilege. Further, this Interrogatory seeks information that is immaterial to the allegations in the Amended Complaint and it is not reasonably calculated to lead to the discovery of admissible evidence.**

2. Please identify the name, and if known, address and telephone number of each individual likely to have discoverable information—along with the subject of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    **RESPONSE:** **Objection. Overly broad, vague, ambiguous, not limited in scope and oppressive. Subjection to without waiving the foregoing objection, please refer to the Defendant's Rule 26 disclosure.**

3. Please identify YOUR party with most knowledgeable regarding the marketing plan(s) for the PRODUCT.

    **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrases "your party" and "marketing plan(s)." Further, FRCP 30(b)(6) does not require the identification of "party with most knowledge." In addition, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, David Stockhamer is the Vice President**

CASE NO. 0:12-cv-62086-WJZ

   **of Marketing. Mr. Stockhamer reports to John H. Owoc, the CEO and CSO for VPX, for final marketing approval.**

4. Please identify YOUR party with most knowledgeable regarding the development of the PRODUCT from concept to marketed product.

    **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrase "your party." The Defendant further objects to this Interrogatory to the extent that it refers to products other than the product the Plaintiff was allegedly consuming at the time of the incident as this information is not reasonably calculated to lead to the discovery of admissible evidence. Further, FRCP 30(b)(6) does not require the identification of "party with most knowledge." In addition, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the development of the Redline Xtreme product has been an evolution and there have been a number of VPX employees that have been involved in the development of the product over the course of a decade. Further responding, Patrick Vilus is the Research and Development Food Scientist for the Redline product line including Redline Xtreme RTD. Luis Rios is a Research and Development Scientist for VPX products including but not limited the Redline product line. Mark McLeod is the General Manager of Manufacturing Services for VPX products, including but not limited to the Redline product line. Additionally, John H. Owoc, is the CEO and CSO of VPX and approved the final Redline Xtreme RTD product.**

5. Please identify YOUR party with most knowledgeable regarding selection of ingredients and/or components used in the PRODUCT.

    **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrases "your party" and "selection of ingredients and/or components." Further, FRCP 30(b)(6) does not require the identification of "party with most knowledge." In addition, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the development of the Redline Xtreme product has been an evolution and there have been a number of VPX employees that have been involved in the development of the product over the course of a decade. Further responding, Patrick Vilus is the Research and Development Food Scientist for the Redline product line including Redline Xtreme RTD. Luis Rios is a Research and**

CASE NO. 0:12-cv-62086-WJZ

> **Development Scientist for VPX products including but not limited the Redline product line. Mark McLeod is the General Manager of Manufacturing Services for VPX products, including but not limited to the Redline product line. Wilner Mareus is the Procurement Manager for VPX. Additionally, John H. Owoc, is the CEO and CSO of VPX and approved the final Redline Xtreme RTD product.**

6. Please identify YOUR party most knowledgeable regarding the distribution and sales of the PRODUCT from concept to marketed product.

   **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrase "your party." Further, FRCP 30(b)(6) does not require the identification of "party with most knowledge." In addition, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, distribution and sales of Redline Xtreme RTD are overseen by Eugene Bukovi, Jr., the Vice President of Beverage Sales, National Manager.**

7. Please identify YOUR party most knowledgeable regarding the labeling of the PRODUCT.

   **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrase "your party." Further, FRCP 30(b)(6) does not require the identification of "party with most knowledge." In addition, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, the process of development of the packaging and labeling for the Redline Xtreme RTD product was an evolution that occurred over the course of a decade and involved multiple individuals. John H. Owoc, the CEO and CSO of VPX, approved the final copy of the packaging and labeling for the product after it had been reviewed by VPX counsel.**

8. Please identify YOUR party most knowledgeable regarding any and all consumer complaints and/or adverse reaction reports received in connection with the PRODUCT, whether received directly from consumers or from any governmental agency.

   **RESPONSE:** **Objection. This Interrogatory is vague and ambiguous as to the phrases "your party," "consumer complaints" and "adverse reaction reports." Further, this request is not limited in scope to any timeframe. Subject to and without waiving the**

CASE NO. 0:12-cv-62086-WJZ

          **foregoing objections, Winsome Kirlew is the Quality Assurance/Quality Control Manager.**

9. Please state the date or dates that any portion of the label, including but not limited to the ingredients, warning, and/or instructions were changed and/or modified for any reason for the PRODUCT during the CLASS PERIOD.

    **RESPONSE:** **There were no substantive modifications regarding the ingredients, warnings and/or instructions on the Redline Xtreme label during the class period. Any modifications to the label were stylistic only. Please refer to the documents produced in the Defendant's Supplemental Responses to the Plaintiff's First Request for Production.**

10. Please identify all individuals, who have asserted to YOU that they or their family member(s) suffered physical and/or economic harm as a result of using the PRODUCT, including the nature of the harm asserted by each individual.

    **RESPONSE:** **Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

11. Please state the total number of consumer complaints and/or adverse reaction reports that you have received and/or that you are aware of concerning the Product during the Class Period.

    **RESPONSE:** **Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

12. For each consumer complaint and/or adverse reaction listed above, please state with specificity the nature and/or subject matter of the complaint, the date the complaint was received, and the U.S. State from which the complaint was received.

    **RESPONSE:** **Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

13. Have you ever been a party to a lawsuit that involved allegations of personal injuries and/or economic harm related to the consumption and/or purchase of the Product. If yes, please list the case style, jurisdiction, and year of filing.

    **RESPONSE:** **VPX was named as a Defendant in the matter of *Aaronson v. Vital Pharmaceuticals, Inc*., 09-CV-01333 filed in the Southern**

CASE NO. 0:12-cv-62086-WJZ

**District of California, which was dismissed after class certification was denied.**

**VPX is a Defendant in the matter of** *Carroll v. VPX,* **Case No. 13-CV-00088, pending in federal court in Georgia.**

14. Please state in U.S. dollars the suggested retail price for the Product, per unit, in each State throughout the United States. If the price differs by county, cities, and/or region, please specify. If you do not have a suggested retail price for the Product, then please state the average retail price for each unit of the Product.

    **RESPONSE:   Please refer to the current non-binding suggested retail price list produced in response to the Plaintiff's request for production. If additional historical suggested retail price lists are identified for the Class Period they will be produced.**

15. Please state the total sales figures in U.S. dollars for all units of the PRODUCT sold in the United States, and throughout each State in the United States, during the Class Period.

    **RESPONSE:   Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

16. Please state the total number of units sold by you in the U.S., in the State of Florida, and each State of the U.S., during the class period.

    **RESPONSE:   Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

17. Please list all documents with specificity, not by general reference, upon which you intend to rely regarding the Product, as referenced in your Initial 26(a) disclosures, including but not limited to all documents regarding the Product development, advertising and marketing, distribution, development, scientific studies upon which you intend to rely, and brochures, magazine advertisements, internet based advertisements and promotions.

    **RESPONSE:   Objection. This Interrogatory is vague, ambiguous and compound. FRCP 33(d) provides that a party may produce business records as maintained in the ordinary course of business and does not require a party to create any "list."**

CASE NO. 0:12-cv-62086-WJZ

18. Please list and identify with specificity all sales records and financial statements related to the sale of the Product, in the United States, and throughout each State in the United States, during the Class Period.

    **RESPONSE:     Please refer to the documents produced by the Defendant in its Supplemental Responses to the Plaintiff's First Request for Production served contemporaneously herewith.**

19. Please describe the reasoning why a normal reaction to Redline Xtreme is tingling of the skin, why the Product label states that the Product may cause adverse health effects, and the specific adverse health effects that consumption of the Product may cause.

    **RESPONSE:     Objection. The phrase "describe the reasoning why a normal reaction" is vague, ambiguous, unintelligible and confusing. Subject to and without waiving the foregoing objections, the Defendant denies that it claims "tingling of the skin" is a normal reaction to consumption of Redline products. Please refer to the label on the Redline Xtreme product including but not limited to the directions for use and the warning statement.**

20. Please describe in detail the purpose of each ingredient and/or component contained in the PRODUCT.

    **RESPONSE:     Objection. The Defendant does not understand what the Plaintiff means by the term "purpose" as this term is vague and ambiguous. Further, this Interrogatory seeks information that is proprietary in nature and protected against disclosure. Further, this Interrogatory is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the label on the Redline Xtreme product, including the warning statement on the label.**

21. Please state with specificity the legal and factual basis why you contend that Plaintiff's claim is preempted by federal law and/or regulations.

    **RESPONSE:     Objection. This interrogatory impermissibly seeks information that is protected by the attorney client privilege and/or as work product. Further, the Defendant objects to this interrogatory to the extent that it calls for a legal conclusion.**

CASE NO. 0:12-cv-62086-WJZ

22. Please state with specificity the factual basis in support of Defendant's Affirmative Defense #17, regarding the PRODUCT's alleged modification/alteration after it left the possession and control of Defendant.

   **RESPONSE: Objection. This interrogatory impermissibly seeks information that is protected by the attorney client and work product privileges. In addition, discovery has just commenced and the Defendant has not yet had the opportunity to take the deposition of the Plaintiff, the distributor, or the retailer.**

23. Please state with specificity the reasoning why the PRODUCT'S warning label is not a straight line or the correct font size as required by the FDA.

   **RESPONSE: Objection. This interrogatory is argumentative, assumes facts not in evidence, and is vague and ambiguous. Subject to and without waiving the foregoing objection, the label complies with all FDA regulations.**

24. Please describe what YOU mean to convey in promoting the PRODUCT as a "dietary supplement" providing an "ultimate energy rush," rather than an energy drink.

   **RESPONSE: Objection. This interrogatory is vague, ambiguous and confusing as to the phrase "what you mean to convey." Subject to and without waiving the foregoing objections, the Defendant states that the Redline Xtreme RTD product is an energy drink which is a dietary supplement that provides users health benefits as described on the label of the product.**

25. Please describe in detail the additions/differences between Redline Xtreme compared to Redline Original.

   **RESPONSE: Objection. This interrogatory seeks information that is proprietary in nature and protected from discovery. Plaintiff does not allege that he consumed Redline Original. Further this request is not reasonably calculated to lead to the discovery of admissible evidence based on the allegations as framed in the Amended Complaint.**