72599-7

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-62086-WJZ

ADAM MIRABELLA, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC.,
a Florida corporation doing business as
VPX,

      Defendant.

_____/

### DEFENDANT'S AMENDED SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST TO PRODUCE

Defendant VITAL PHARMACEUTICALS, INC. by and through its undersigned attorneys and pursuant to the applicable Fed. R. Civ. P. hereby serves its Amended Supplemental Responses to Plaintiff ADAM MIRABELLA's First Request to Produce dated September 16, 2013 as follows:

### General Objections

(a)    The Defendant objects to the Plaintiff's Request to Produce to the extent that the Requests invade the attorney client and/or work product.

(b)    The Defendant objects to the Plaintiff's definition of "Putative Class Members" and/or "members of the Class" as being overly broad, vague and not limited in scope to the subject matter set forth in the Amended Complaint.  Defendant further objects that this matter does not satisfy the requirements of Fed. R. Civ. P. 23, and that no Class could be properly certified.

(c)    The Defendant objects to the Plaintiff's definition of "Document" because the phrase "without limitations" renders this definition overly broad, vague, ambiguous, unlimited in scope and the information that would be encompassed by this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(d)    The Defendant objects to the Plaintiff's definition of the terms "relating to" as they are defined using the phrase "without limitation." This renders this definition overly broad, vague, ambiguous, unlimited in scope and the information subject to this definition is not reasonably calculated to lead to the discovery of admissible evidence.

(e)    The Defendant objects to the Plaintiff's definition of "Consumer" as being vague and ambiguous, and to the extent that is seeks information that is not within the purview of knowledge of this Defendant.

(f)    The Defendant objects to the Plaintiff's definition/instructions regarding the terms "and" and "or" as the definition impermissibly expands the scope of the discovery requests beyond that which is permitted by the Federal Rules of Civil Procedure and renders each and every request overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

(g)    The Defendant objects to the Plaintiff's definition of the terms "Study" and "Studies" as being overly broad, vague and ambiguous.

(h)    The Defendant objects to the Plaintiff's definition of the terms "Communication" and "Communications" as these definitions are overly broad, vague, ambiguous, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

(i)    The Defendant objects to all Requests to Produce which in any way reference "Financial Statements" as defined by the Plaintiff as this information is confidential, proprietary in nature and/or otherwise not subject to discovery.

(j)    The Defendant objects to the definition of "Supply Chain Participant" because it is overly broad and vague, and it renders all requests incorporating this phrase to be virtually unlimited in scope and includes individuals which are not employed, managed, supervised or controlled by this Defendant.

(k)    The Defendant objects to the definition of "Identify" as being overly broad, unduly burdensome, oppressive and harassing. Further, as defined this term encompasses information that is not reasonably calculated to lead to the discovery of admissible evidence.

(l)    The Defendant objects to the Plaintiff's Requests to Produce to the extent that they are overly broad, impermissibly vague, and/or fail to describe the information sought to be admitted or denied with reasonable particularity.

(m)    The Defendant objects to the Plaintiff's Requests to Produce to the extent that they do not pertain to matters within the scope of Fed. R. Civ. P. 26(b)(1).

(n)      The Defendant objects to the Plaintiff's Requests to Produce because they do not relate to (A) facts, the application of law to fact, or opinions about either; or (B) the genuineness of any described documents.

(o)      The Defendant objects to the Plaintiffs' Requests to Produce to the extent that they reference or pertain to products other than the subject product identified by the Plaintiff in the Amended Complaint. Such information being sought is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

(p)      By responding to the Requests to Produce, the Defendant does not in any way waive and in fact preserves the foregoing objections:

     i.      All objections as to competency, relevancy, and the admissibility of the responses or subject matter thereof;

    ii.      All objections as to vagueness, ambiguity, over-breadth, and imposition of an undue burden;

   iii.      All objections as to requests that seek documents not within Defendant's possession, custody or control;

   iv.      All rights to objects on any grounds to the use of any response provided by Defendant, or to the subject matter of the response, in any proceeding, including the trial in this or any other action; and

    v.      All rights to objects to any request for further response to these or any other discovery requests involving or relating to the subject matter of these requests.

The Defendant reserves the right to supplement its responses with any other appropriate objections.

## Responses

1.  All documents related to the distribution of the Product throughout the United States during the Class Period, including but not limited to, those regarding the number of units sold by year.

    **RESPONSE:**   **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "not limited to" renders the entire request oppressive and unlimited in scope. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the documents attached hereto as Bates Stamped pages 289 to 1674.**

2.  All documents related to the distribution of the Product in each of the fifty states of the United States during the Class Period, including but not limited to, those regarding the number of units sold by year.

    **RESPONSE:**   **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "not limited to" renders the entire request oppressive and unlimited in scope. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the documents attached hereto as Bates Stamped pages 289 to 1674.**

3.  All documents related to Defendant's distribution policies, procedures and practices during the Class Period.

    **RESPONSE:**   **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.**

4. All documents related to the development of the marketing plan(s) for the Product.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

5. All documents related to the development of the Product from concept to marketed product.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy.**

6. All documents related to any kind of testing of the Product before it first was distributed to the public.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the ingredients when formulating the Product.**

7. All documents related to any kind of testing on the effects of adding Yohimbine to the Product.

   **RESPONSE:**      **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of this ingredient when formulating the Product.**

8. All documents related to any kind of testing on the effects of adding Vinpocetine to the Product.

   **RESPONSE:**      **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of this ingredient when formulating the Product.**

9. All documents related to any kind of testing on the effects of adding Tyrosine to the Product.

    **RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of this ingredient when formulating the Product.**

10. All documents related to any kind of testing on the effects of adding 5-HTP to the Product.

    **RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of this ingredient when formulating the Product.**

11. All documents related to any kind of testing on the effects of adding Yerba Mate to the Product.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of this ingredient when formulating the Product.**

12. All documents related to any kind of testing done to determine the amount of caffeine to add to the Product.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the documents attached hereto as Bates Stamped pages 189 to 288 and Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741.**

13. All documents related to any kind of testing done to determine the effects of the combination of the ingredients added to the Product.

   **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory**

8

**notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of the ingredients when formulating the Product.**

14. All documents related to internal perception of the Product's use and safety.

**RESPONSE:** **Objection. This request is vague, ambiguous and overly broad as to the phrase "internal perception." The Defendant objects to this request to the extent that the documents requested, if any exist, contain information that is trade secret, confidential and/or proprietary information and not subject to discovery. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the documents attached hereto as Bates Stamped pages 189 to 288 and Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741.**

15. All communications with the Food and Drug Administration (FDA) regarding the use and consumption of the Product.

**RESPONSE:** **Objection. This request is overly broad, vague and ambiguous. The request is not limited in scope to any specific timeframe or subject matter. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information and are therefore not subject to disclosure/discovery. The Defendant also objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, please refer to the documents attached hereto at Bates Stamped pages 1 to 188.[1]**

16. All documents showing that the Product's warning label is consistent with FDA regulations.

**RESPONSE:** **Please refer to the label and packaging materials for the Redline Xtreme product.**

---

[1] The documents regarding consumer complaints have been redacted in compliance with HIPAA.

17. All documents related to any kind of testing on the effects of adding tyrosine to the Product.

> **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Further, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Further, the phrase "any kind of testing" renders the entire request oppressive and unlimited in scope. The Defendant further objects to this request because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741. Additional records may have existed; however, these documents are no longer in the possession of the Defendant as they were subject to the Defendant's record retention policy. The Defendant further states that it relied upon publically available information regarding the effects of the ingredients when formulating the Product.**

18. All documents related to the development of the design of the Product.

> **RESPONSE:** **Objection. The term "development of the product" is overly broad, vague and ambiguous. Further, this Request is not limited in scope to any timeframe. Additionally, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Subject to and without waiving the foregoing objections, please refer to the records attached hereto. Please also see Redline RTD laboratory notebook attached hereto as Bates Stamped pages 1693 - 1741.**

19. All documents that identify persons and entities, including retail and online merchandisers, who sold the Product in the United States during the Class Period.

> **RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. This request seeks personal information of individuals who do not have a relationship with Plaintiff of Plaintiff's counsel. Additionally, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see documents Bates Stamped pages 289 to 1674.**

20. All documents related to the contracts with persons and entities, including retail and online merchandisers, who sold the Product in the United States during the Class Period.

**RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and unduly burdensome. This request seeks personal information of individuals who do not have a relationship with Plaintiff of Plaintiff's counsel. Additionally, the Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, please see documents Bates Stamped pages 289 to 1674.**

21. All documents related to Defendant's policies, procedures and practices, and the development of those policies, procedures and practices, related to the manufacture of the Product during the Class Period.

**RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.**

22. All documents related to Defendant's policies, practices and procedures, and the development of those policies, practices and procedures, related to the marketing of the Product throughout the United States during the Class Period.

**RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the term "related to the marketing" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.**

23. All documents related to Defendant's policies, practices and procedures, and the development of those policies, practices and procedures, related to the advertising of the Product throughout the United States during the Class Period.

**RESPONSE:** **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the**

requested information is not reasonably calculated to lead to the discovery of admissible evidence.

24. All documents related to Defendant's policies, practices and procedures, and the development of those policies, practices and procedures, related to the labeling of the Product throughout the United States during the Class Period.

**RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the phrase "related to the labeling" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.**

25. All documents related to Defendant's advertising of the Product during the Class Period.

**RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please refer to the label on the Product and the Defendant's website.**

26. All documents related to the development of Defendant's advertising of the Product during the Class Period.

**RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the phrase "development of Defendant's advertising" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.**

27. All documents related to Defendant's labeling of the Product during the Class Period.

**RESPONSE:**    **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the term "labeling" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of**

admissible evidence.    Subject to and without waiving the foregoing objections, please see attached labels for the Subject Product, Bates Stamped pages 1675 to 1691.

28. All documents related to the development of Defendant's labeling of the Product during the Class Period.

**RESPONSE:**     **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the phrase "development of Defendant's labeling" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, please see attached labels for the Subject Product, Bates Stamped pages 1675 to 1691.**

29. All   documents   related   to   Defendant's   labeling   of   the   Product,   and   the development thereof, in each of the fifty states of the United States during the Class Period.

**RESPONSE:**     **Objection. This request is vague, ambiguous, overly broad and confusing as phrased. Further, the term "advertising" is vague and ambiguous. The Request impermissibly seeks documents which contain trade secret, confidential and/or proprietary information which is not subject to discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, please see attached labels for the Subject Product, Bates Stamped pages 1675 to 1691.**

30. All   documents   related   to   Defendant's   profit   from   Product   sales   throughout   the United States for each year calculated during the Class Period, including how that amount was calculated.

**RESPONSE:**     **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition.**

31. All documents related to Defendant's profit from Product sales in each of the fifty states of the United States for each year calculated during the Class Period.

    **RESPONSE:**    **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition.**

32. All documents related to Defendant's gross sales from Product sales throughout the United States for each year calculated during the Class Period.

    **RESPONSE:**    **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition. Subject to and without waiving the foregoing objections, please see records Bates Stamped pages 289 to 1674.**

33. All documents related to Defendant's gross sales from Product sales in each of the fifty states of the United States for each year calculated during the Class Period.

    **RESPONSE:**    **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence.  The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition. Subject to and without waiving the foregoing objections, please see records Bates Stamped pages 289 to 1674.**

34. All documents related to Defendant's policies, procedures and practices regarding the wholesale cost of the Product in the United States during the Class Period.

**RESPONSE:** **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition. Subject to and without waiving the foregoing objections, the wholesale cost of the subject Product is determined based on a number of factors including the costs of ingredients, production and distribution.**

35. All documents related to Defendant's policies, procedures and practices regarding the wholesale cost of the Product in each of the fifty states of the United States during the Class Period.

**RESPONSE:** **Objection. The Defendant further objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. Moreover, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition. Subject to and without waiving the foregoing objections, the Defendant does not maintain a breakdown of the wholesale costs of the Produce on a state by state basis.**

36. All documents related to Defendant's policies, procedures and practices regarding the retail cost of the Product in the United States during the Class Period.

**RESPONSE:** **The Defendant does not have written policies or procedures concerning the retail costs of the Product. In addition, the Defendant does not control the retail price for sales of the subject product through third parties, including the subject Exxon gas station. The Defendant promulgated non-binding suggested wholesale and retail price lists. The current version of this list is attached. If additional**

**historical suggested retail price lists are identified for the Class Period they will be produced. Retail cost information for direct purchases of the Product from the Defendant can be found on its website.**

37. All documents related to Defendant's policies, procedures and practices regarding the retail cost of the Product in each of the fifty states of the United States during the Class Period.

   **RESPONSE:** **The Defendant does not control the retail price for the subject product other than for end consumer purchases made directly from the Defendant. Please refer to the attached non-binding suggested wholesale and retail price lists and Defendant's website for information responsive to this request.**

38. All documents related to the goal(s), purpose(s) and result(s) of all consumer tests performed on all advertising for the Product.

   **RESPONSE:** **Objection. This request vague and ambiguous and not limited in scope with respect to any timeframe or subject matter. Further, the request is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objections, none.**

39. All documents related to the goal(s), purpose(s) and result(s) of all consumer tests performed on all labeling of the Product.

   **RESPONSE:** **Objection. This request vague and ambiguous and not limited in scope with respect to any timeframe or subject matter. Further, the request is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the foregoing objections, none.**

40. All documents related to Defendant's compliance with the federal Nutrition Labeling and Education Act, 21 U.S.C. §§ 341, *et seq.* with regard to all Product advertising of the Product during the Class Period.

   **RESPONSE:** **Please refer to the Defendant's website and the Redline Xtreme product labels.**

41. All documents related to the adverse effects the product could cause to the consumer.

   **RESPONSE:** **Objection. This request is overly broad, vague, confusing and argumentative. Additionally, the phrases "adverse effects" and "product could cause" are vague and ambiguous. Further, this request is not limited in scope to any timeframe.**

42. All documents related to Defendant' compliance during the Class Period with the established rules and regulations with regard to the advertising of the Product, including the identity of each person or entity involved in those compliance efforts.

    **RESPONSE:**    **Objection. The plaintiff has not identified what is meant by the "established rules and regulations" and therefore this request is vague, ambiguous and overly broad. Further, the request is compound and as phrased seeks information that would be more appropriately requested through an interrogatory.**

43. All documents related to consumer complaints about the Product during the Class Period.

    **RESPONSE:**    **Please see attached records Bates Stamped pages 1 to 188.**

44. All documents and things stating and/or summarizing the amount of money YOU expended on advertising the Product during the Class Period.

    **RESPONSE:**    **Objection. The Defendant objects to this request because is overly broad, harassing and impermissibly seeks the Defendant's financial records and/or data where there is no punitive claim pending nor has any judgment been entered against this Defendant. Further, this request seeks information that is proprietary in nature and therefore protected from discovery. The information sought in this request is immaterial to the Plaintiff's allegations, beyond scope of permissible discovery under the Federal Rules of Civil Procedure and is tantamount to a fishing expedition.**

45. All documents related to consumer injury (personal or economic) resulting from the purchase or sale of the Product.

    **RESPONSE:**    **Objection. The phrase "consumer injury (personal or economic)" is vague, ambiguous and overly broad. Further, this request is not limited in scope to any timeframe. As phrased, the request is not reasonably calculated to lead to the discovery of admissible evidence.**

46. All documents related to any possible or probable consumer benefit from consuming the Product.

    **RESPONSE:**    **Objection. The phrase "consumer benefit" is vague, ambiguous and overly broad. Further, this request is not limited in scope to any timeframe. As phrased, the request is not reasonably calculated to lead to the discovery of admissible evidence. The label for the Redline Xtreme product and the Defendant's website speak for themselves.**

47. All documents related to the distribution of the Product throughout the United States during the Class Period, including but not limited to, those regarding the number of units sold by year.

    **RESPONSE:** **Objection. This request is duplicative of Request to Produce No. 1. The Defendant reincorporates its response to Request No 1, as though fully set forth herein.**

48. All documents related to the distribution of the Product in each of the fifty states of the United States during the Class Period, including but not limited to, those regarding the number of units sold by year.

    **RESPONSE:** **Objection. This request is duplicative of Request to Produce No. 2. The Defendant reincorporates its response to Request No 2, as though fully set forth herein.**

49. All documents related to any kind of testing of the Product before it first was distributed to the public.

    **RESPONSE:** **Objection. This request is duplicative of Request to Produce No. 6. The Defendant reincorporates its response to Request No. 6, as though fully set forth herein.**

50. All documents related to proper use and consumption of the Product that you were aware of before you first distributed the Product to the public.

    **RESPONSE:** **Objection. This request is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, please refer to the packaging materials and label for the Redline Xtreme product.**

51. All documents that identify persons and entities, including retail and online merchandisers, who sold the Product in the United States during the Class Period.

    **RESPONSE:** **Objection. This request is duplicative of Request to Produce No. 19. The Defendant reincorporates its response to Request No. 19, as though fully set forth herein.**

52. All documents related to Defendant's policies, practices and procedures, and the development of those policies, practices and procedures, related to the labeling of the Product throughout the United States during the Class Period.

    **RESPONSE:** **Objection. This request is duplicative of Request to Produce No. 24. The Defendant reincorporates its response to Request No. 24, as though fully set forth herein.**

53. All documents related to Defendant' compliance and/or non-compliance during the Class Period with the established rules and regulations required by law with regard to the advertising of the Product, including the identity of each person or entity involved in those compliance efforts, and any violations and/or notices of non-compliance Defendant has received.

    **RESPONSE:**    **Objection. The plaintiff has not identified what is meant by the "established rules and regulations required by law" and therefore this request is vague, ambiguous and overly broad. Further, the request is compound and as phrased seeks information that would be more appropriately requested through an interrogatory. Subject to and without waiving the foregoing objections, please refer to the records produced in the Defendant's Supplemental Responses to Plaintiff's First Request to Produce, the Defendant's website and the labels for the Product.**

54. All documents related to consumer complaints about the Product during the Class Period, whether received directly from a consumer, third party, or governmental entity.

    **RESPONSE:**    **Objection. The phrase "consumer complaints" is vague and ambiguous and renders the entire request overly broad and not limited in scope. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, please see attached records Bates Stamped 1 to 188.**

55. All scientific articles maintained by you regarding the efficacy of the Product.

    **RESPONSE:**    **Please refer to the Defendant's web site.**

56. All documents reflecting the retail price of the Product throughout the United States and in each of the United States throughout the class period.

    **RESPONSE:**    **VPX does not maintain information regarding the retail pricing for the Redline Xtreme products other than those products available for purchase from the Defendant's web site. The retail pricing for the products sold directly from the Defendant can be obtained by the Plaintiff on the Defendant's web site. Additionally, please see attached documents Bates Stamped pages 289 to 1674.**

57. All documents reflecting the number of units of the Product sold throughout the United States and in each State of the United States.

       **RESPONSE:**    **Please see attached documents Bates Stamped pages 289 to 1674.**

58. Any and all documents upon which you intend to rely, as identified in your Rule 26(a) initial disclosures.

       **RESPONSE:**    **Objection. This request is overly broad, vague, ambiguous and unduly burdensome. Further, the Defendant objects to this request to the extent that it seeks materials which are protected by the attorney client and/or work product privileges, and/or seeks impermissibly seeks the mental impressions of defense counsel. Subject to and without waiving the foregoing objections, please see documents produced in the Defendant's Supplemental Responses to Plaintiff's First Request to Produce. The Defendant reserves the right to amend its response to this Request as discovery continues.**

59. Any and all documents upon which you intend to rely in support of any of your affirmative defenses or denials of Plaintiff's allegations.

       **RESPONSE:**    **Objection. This request is overly broad, vague, ambiguous and unduly burdensome. Further, the Defendant objects to this request to the extent that it seeks materials which are protected by the attorney client and/or work product privileges, and/or seeks impermissibly seeks the mental impressions of defense counsel. Subject to and without waiving the foregoing objections, please see documents produced in the Defendant's Supplemental Responses to Plaintiff's First Request to Produce. Further, the Defendant may rely upon documents to be produced by the Plaintiff. The Defendant reserves the right to amend its response to this Request as discovery continues.**

60. A true and correct copy of the Product label as it existed throughout the Class Period, including any modifications to any part of the Product label throughout the Class Period.

       **RESPONSE:**    **Please see attached Bates Stamped pages 1675 to 1691.**

61. A copy of any and all consumer complaints and/or adverse reactions reports received by you in connection with the Product, regardless of the source of the complaint or report.

       **RESPONSE:**    **Please see attached Bates Stamped pages 1 to 188.**

62. Any and all documents evidencing any communication or document exchanged between You and any governmental entity concerning the Product, whether received or sent by You.

**RESPONSE:**    **Objection. This request is overly broad, vague, ambiguous and unduly burdensome. Further, this request is not limited in scope to any timeframe. Subject to and without waiving the foregoing objections, please see Bates Stamped pages 1 to 188.**

WE HEREBY CERTIFY that a copy hereof has been furnished to Joshua H. Eggnatz, Esq., jeggnatz@eggnatzlaw.com; by e-mail and U.S. mail, on this 18th day of March 2014.

Steven Y. Leinicke, Esquire
Florida Bar No. 174483
Jordan S. Cohen, Esquire
Florida Bar No. 551872
James D. Murdock, II, Esquire
Florida Bar No. 16806
WICKER, SMITH, O'HARA,
   McCOY & FORD, P.A.
Attorneys for Vital Pharmaceuticals, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353

**Service List**

Joshua H. Eggnatz, Esq.
The Eggnatz Law Firm, P.A.
1920 N. Commerce Parkway, Suite 1
Weston, Florida 33326