**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:12-CV-62086-WJZ**

**ADAM MIRABELLA**, on behalf of himself
and all others similarly situated,

      Plaintiffs,

**vs.**

**VITAL PHARMACEUTICALS, INC.,** a
Florida corporation doing business as VPX,

      Defendant.

_____

## PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

      Plaintiff, ADAM MIRABELLA, as an individual consumer and on behalf of all others similarly situated, by and through counsel, hereby serves his Amended Answers to Defendant's First Set of Interrogatories, by stating the following:

      1.    Please state your name, address, telephone number and social security number as well as the name and current address of each person assisting with the responses to these Interrogatories.

      **Answer:** Adam Christopher Mirabella; 3916 Kristen Creek Lane, Round Rock, TX 78681; SS #: 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; c/o undersigned Counsel. Plaintiff has prepared these answers with the assistance of Plaintiff's Counsel.

      2.    Identify any and all VPX products that Plaintiff, ADAM MIRABELLA on behalf of himself and all others similarly situated (hereinafter "You"), has purchased and/or consumed at any time through the present. For each product identified state: a) the date and time of

purchase, b) the purchase price, c) the name and address of the business where you purchased each product, and e) all information that you reviewed and/or relied on prior to your purchase of each product.

   **Answer:** Objection. This request is overly broad, oppressive, and burdensome, and is neither limited in time nor scope. This action only involves those Products identified in the Amended Complaint. Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: I purchased the Redline Xtreme Energy Drink, Watermelon flavor. I do not recall the exact date and time I purchased the Product, but based on my memory, I purchased the Product on or about July 20, 2012. I do not remember the exact amount I paid for the Product, but I recall I paid about $2.50 in cash. I purchased the Product from an Exxon gas station located in Cedar Park, Texas. The intended purpose for which I purchased the Product was to safely receive increased energy, improvement in reaction time, and increased mental focus while working out. I read the Product label before purchasing it; I remember relying on the statements "ultimate energy rush," "7.5% faster reaction time," "electrolytes," "university proven," "7.5% improvement in reaction time," "a potent 13% increase in energy," and "an amazing 15% increase in mental focus" prior to my purchase. I also purchased Redline Xtreme Energy Drink, Watermelon flavor a few times before the July 20, 2012 purchase, but I do not remember the exact dates or locations of purchase.

   3.   Identify the alleged common defect or substantially similar defect that existed or exists as to any and all VPX products marketed, distributed and/or sold which form the subject matter of this putative class action, and any testing, inspection or analysis which upon which You rely in this regard.

   **Answer:** Objection to the extent that this questions is within the purview of expert

testimony and invades upon the work-product privilege. Further, discovery is on-going. Plaintiff will disclose all expert materials and supplement this request as discovery continues, and in compliance with the Federal Rules of Civil Procedure, the local rules of this Court, and any pertinent order of this Court. Notwithstanding and subject to the foregoing objections, Plaintiff states as follows: The Products do not provide the advertised benefits. Rather than provide the advertised benefits, the Products cause unreasonable adverse health effects such as chills, excessive sweating, vomiting, convulsions, chest pain, and rapid heartbeat, causing consumers to require hospitalization. The Products do not work as impliedly warranted, as reasonable consumers do not expect an over the counter energy supplement sold alongside other energy drinks to cause severe adverse reactions requiring hospitalization. The combination and interaction of the ingredients within the Product, which are known to cause adverse effects to humans, go well beyond the Products' goals of energy enhancement, increased focus, and increased reaction time, and cause the Products to be unfit for human consumption. Additionally, Defendant encourages consumers to ingest the Products prior to physical activity, despite the fact that Defendant knows that physical activity intensifies the adverse effects and increases the likelihood of a severe actions. The Products also fail to adequately warn consumers of the unfitness of the Products, the severity of the potential adverse effects, the potential for hospitalization, the true strength of the Products, the dangers of consuming the Product without supervision, the precautions to take to avoid negative effects, fails to caution consumers to use extra care when using the Product before physical activity, and is in tiny uneven font. The Product also deceptively misrepresents the "university proven" benefits of the Product. Had Plaintiff and other similarly situated consumers known that the Products were unfit; they would not have purchased the Products.

4.     Identify with specificity any and all words, conduct or representations, whether oral or written, express or implied, made to You by VPX or any other third parties, upon which You relied in purchasing, consuming, and/or otherwise making use of VPX products including but not limited to the Redline product identified in paragraph 8 of the Amended Complaint (DE 9)

**Answer:** I purchased the Product to receive increased energy, improvement in reaction time, and increased mental focus while working out. I read the Product label before purchasing it; I remember relying on the statements "ultimate energy rush," "7.5% faster reaction time," "electrolytes," "university proven," "7.5% improvement in reaction time," "a potent 13% increase in energy," and "an amazing 15% increase in mental focus" prior to my purchase.

5.     Itemize all of the damages that You are seeking to recover in this matter from the defendant, including (a) a full description of the item or element of damage; (b) the dollar amount of each element of damage; (c) the components of each element of damage; and (d) how You calculate the dollar amount claimed for each component or element of damage.

**Answer:** Objection to the extent that the answer to this question will likely be a matter of expert opinion upon the conclusion of discovery. Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: I am seeking a full refund of the purchase price for the Product. I am also seeking to recover the aggregate purchase price for the retail sales of the Product during the Class Period, so that all class members also receive reimbursement of their purchase price. The dollar amount entitled to each class member will be based on how much they paid for the Product, and how many units of the Product they purchased. The retail sales figures paid by the class will likely be based on the sales records to be produced by Defendant in discovery. I am also seeking reasonable attorney's fees and costs in bringing this

action. Plaintiff intends to retain an expert to opine on the appropriate measure of damages, which will be disclosed in accordance with Federal Rules of Civil Procedure, the local rules of this Court, and any pertinent order of this Court.

6.     Identify each person likely to have discoverable information that You may use to support your motion for class certification, and specify the information that You believe that the person likely has.

**Answer:** Objection. This request is vague, overly broad, oppressive, and burdensome, and is neither limited in time nor scope.  There are individuals who may have knowledge, however, the identity of said individuals is not known, such other unknown purchasers of the Products. Without waving said objection, Plaintiff responds by stating the following:

a) Plaintiff, Adam Mirabella: will testify regarding his purchase of the Product and adequacy as class representative;

b) Alisa Mirabella: will testify regarding her observations of the effect the Product had on Plaintiff; and

c) All persons identified by Defendant in its discovery responses and/or disclosures.

7.     Identify all food, beverages (alcoholic and non-alcoholic), medication, supplements, vitamins, and/or illicit drugs that you consumed in the forty eight (48) hours prior to your alleged ingestion of one serving of the Redline product, and for each identify the amount/dosage consumed, the date and time consumed, and all individuals who were present at the time of consumption.

**Answer:** Objection. This request is vague, overly broad, oppressive, and burdensome, and is neither limited in time nor scope. The request is also irrelevant in that this action is a consumer protection claim involving the deceptive nature of Defendant's Products.  Further,

Plaintiff can't conceivably be expected to recall every item he ate during the two day period prior to using the Product. Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: I do not recall what I consumed the 48 hours prior to ingesting the Product. However, I do know that I did not consume any supplement other than Product, prescription drug, medications, alcohol, or any illicit drugs within the 48 hours prior to ingesting the Product.

8.     Please state whether You purchased any energy drinks or caffeinated beverages in the three (3) years prior to your purchase of the Redline product identified in paragraph 8 of the Amended Complaint (DE 9). If so, identify each such product and state the date of purchase, the location where the product was purchased and the price paid for the product.

**Answer:** Objection. This request is vague, overly broad, oppressive, and burdensome, and is neither limited in time nor scope. The request is also irrelevant in that this action is a consumer protection claim involving the deceptive nature of Defendant's Product. This case has nothing to do with other energy drinks or caffeinated beverages. Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: I do not specifically recall, but I have purchased other energy drinks in the past, such as Monster, NOS, or AMP. I did not have any issue or adverse effects with those Products.

9.     Please state whether You have purchased any energy drinks or caffeinated beverages since your purchase of the Redline product identified in paragraph 8 of the Amended Complaint (DE 9). If so, identify each product and state the date of purchase, the location where the product was purchased and the price paid for the product.

**Answer:** Objection. This request is vague, overly broad, oppressive, and burdensome, and is neither limited in time nor scope. The request is also irrelevant in that this action is a consumer protection claim involving the deceptive nature of Defendant's Product. This case has

nothing to do with other energy drinks or caffeinated beverages.  Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: I have not purchased any other energy drink/supplement since being hospitalized after taking the Redline Product. I also have not purchase any other energy drink/supplement from the time I purchased the Redline Product, until the time I was I hospitalized after taking the Redline Product. The Redline Product was the last energy drink/supplement I've purchased. I do not specifically recall if/when I've purchased any other caffeinated beverages since purchasing the Redline Product, but I do know that I rarely, if ever, drink caffeinated soda.

10.    For all communications You and/or your family member(s) had with VPX prior to filing this action, please identify the date, time, place, and form of each such communication; the substance of each such communication; the employee(s) of VPX with whom You and/or your family member(s) had such communication; and whether You and/or your family member(s) received, read, or heard each such communication.

**Answer:**  My mother, Alisa Mirabella, wrote VPX through the comment section on their website, on August 08, 2012. She wrote VPX to let them know that I had to go to the emergency room after using the Product as directed, and that we had found many other similar complaints online from other people who had used the Product. On August 10, 2012, Mike Fabiano, a VPX key account manager wrote her back and said he was glad that she brought the situation to VPX's attention.

11.    For all communications You and/or your family member(s) have had with other persons concerning this action, please identify the date, time, place, and form of each such communication; the substance of each such communication; and the person with whom You has each such communication.

**Answer:** Other than my mother contacting VPX back on August 08, 2012, and contacting my attorney for representation, I have not contacted anyone else about this case.

12.     Identify all persons knows to You, your agents or attorneys who have purchased a VPX product and, for each, state the name of the product purchased, the date and purchase price of the product, the identity of the seller(s) and whether they experienced any adverse reaction and/or have sought any medical treatment which they attribute to their consumption of the product.

**Answer:** A few weeks after I experienced the adverse effects of the Product, I spoke with someone at school about what had happened, and he told me that he also had a problem with the Product after he drank it. He told me that he couldn't sleep for two day after taking it. I do not remember his name; he was just another student that I used to see around campus. Other than this one person, I don't have personal knowledge of other purchasers of the Product. I have seen several online articles though about other consumers who experienced adverse effects from taking the Product. It is anticipated that other adverse reactions and complaints will be produced by Defendant in response to Plaintiff's discovery requests, which may show the identity of other purchasers.

13.     Provide all facts supporting your allegation in paragraph 14 of the Amended Complaint (DE 9) that the total claims of individual members of the Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, including the method of calculation employed.

**Answer:** I am seeking a full refund of the purchase price for the Product as the Product was rendered valueless. I am also seeking to recover the aggregate purchase price for the retail sales of the Product during the Class Period, so that all class members also receive

reimbursement of their purchase price. Based on the popularity of the Products, the aggregate purchase price is expected to be in excess of $5,000,000.00. The dollar amount entitled to each class member will be based on how much they paid for the Product, and how many units of the Product they purchased. Although discovery is ongoing, the retail sales figures paid by the class will likely be based on the sales records to be produced by Defendant. Plaintiff intends to retain an expert to opine on the appropriate measure of damages, which will be disclosed in accordance with Federal Rules of Civil Procedure, the local rules of this Court, and any pertinent order of this Court.

14.     Please identify the "premium" that You paid for the Product and state the price You would have paid for the Product that You known it was not fit when consumed as You allege in paragraph 50 of the Amended Complaint.

**Answer:** Objection to the extent this question is within the purview of expert testimony. Plaintiff intends to retain an expert to opine on the appropriate measure of damages and calculation for same, which will be disclosed in accordance with Federal Rules of Civil Procedure, the local rules of this Court, and any pertinent order of this Court. Notwithstanding, and subject to the foregoing objection, Plaintiff states as follows: The premium I paid for the Product was the asking price, approximately $2.50. Had I known the Product was not fit I would not have purchased it, and I would not have paid any money for it. The Product was rendered valueless because it did not provide the advertised benefits and caused negative adverse effects.

*******************************************************************

**Date:** _____                              _____
                                                       **ADAM MIRABELLA**

STATE OF _____        )
                                   ) SS:
COUNTY OF _____         )

     **BEFORE      ME**, the   undersigned   authority, personally   appeared _____, who after being duly cautioned and sworn according to the law, deposes and states that he/she has read the above Answers to Interrogatories and that he/she has set his/her hand and seal thereto for the purposes therein expressed.

     The foregoing instrument is acknowledged before me this ____ day of _____, _____, by _____, who is:

    1) _____          Personally known to me.
    2) _____          Who   has   produced   the   following   identification: _____.
    3) _____          Who did take an oath.
    4) _____          Who did not take an oath.

     Given under my hand and official seal this ____ day of _____, _____.


                                            _____
                                            Printed Name_____

                                            Notary Public_____
_____

_____
My Commission Expires:                      State of _____ at Large
Notary I.D. No. _____
(Notary Seal)  (if applicable)

**Respectfully Submitted,**

**DATED: <u>December 6, 2013</u>** By:    <u>s/   Joshua H. Eggnatz</u>
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
THE EGGNATZ LAW FIRM, P.A.
1920 N. Commerce Parkway
Suite 1
Weston, FL 33326
Tel:   (954) 634-4355
Fax:   (954) 634-4342
*JEggnatz@EggnatzLaw.com*

*Attorney for Plaintiff Adam Mirabella and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that on this <u>6th<sup>th</sup> day of December, 2013</u>, the foregoing document is being served this day on all counsel of record identified below by electronic mail.

<u>/s/  Joshua H. Eggnatz</u>
Joshua H. Eggnatz, Esq.

## <u>SERVICE LIST</u>

**STEVEN Y. LEINICKE, ESQ.**
Florida Bar No. 174483
syleinicke@wickersmith.com
**JORDAN S. COHEN, ESQ.**
Florida Bar No. 551872
jcohen@wickersmith.com
**JAMES D. MURDOCK, II, ESQ.**
jmurdock@wickersmith.com
WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
515 E. Las Olas Blvd
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
(954) 847-4800 (phone)
(954) 760-9353 (fax)
ftlcrtpleading@wickersmith.com

*Attorneys for Defendant Vital Pharmaceuticals, Inc.*