UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62086-CIV-ZLOCH

ADAM MIRABELLA, on behalf of
himself and all others
similarly situated,

      Plaintiffs,

vs.                                    **O R D E R**

VITAL PHARMACEUTICALS, INC.,
a Florida Corporation,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion To Certify Class (DE 49). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Defendant Vital Pharmaceuticals, Inc. (hereinafter "Defendant"), a Florida corporation, manufactures, markets, and sells dietary supplements to retailers, distributors, and through its own website. The product at issue in the above-styled cause is the Redline Xtreme® Energy Drink (hereinafter "the Product"), manufactured and distributed by Defendant.

    On October 23, 2012, Plaintiff Adam Mirabella (hereinafter "Plaintiff") initiated the above-styled cause with the filing of his Complaint (DE 1). Thereafter, Plaintiff filed his First Amended Complaint (DE 9), and subsequently filed a Second Amended Complaint (DE 68), which adds a second, individually-named Plaintiff, Kristen Arrendell (together with Plaintiff, hereinafter

"Plaintiffs"), and alleges (1) violations of Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"), Fla. Stat. § 501.201, et seq., (Count I)  (2) unjust enrichment (Count II), (3) breach of implied warranty of merchantability (Count III), and (4) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. (Count IV).

By the instant Motion (DE 49), Plaintiffs ask the Court to certify the above-styled cause as a nation-wide class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) or (b)(2) with respect to Counts I, II, and IV.  See DE 49, p.5. In particular, Plaintiff seeks to certify a class (hereinafter "Proposed Class") consisting of:

> All United States Citizens who have purchased the REDLINE Xtreme® Energy Drink, during the period extending from October 2008, up to the date notice is provided to the class.  Excluded from the class are Defendant's officers, directors, employees, and those who purchased the Product for the purpose of resale, and any judicial officer assigned to this matter and his or her immediate family.

DE 49, p. 10.

In its Response (DE 70), Defendant argues that (1) Plaintiffs have failed to show an ascertainable class, (2) the named Plaintiffs' claims are atypical of those of the purported class, (3) Plaintiffs have not sufficiently proven commonality, (4) Plaintiffs have failed to prove the adequacy of their representation, (5) common questions of law do not predominate over those of individual members, and (6) class certification is not

necessary for injunctive relief.

## I. Legal Standard

As a general proposition, a district court has broad discretion in deciding whether to certify a class. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992). A plaintiff seeking certification of a class "bears the burden of satisfying all implicit and explicit requirements of Federal Rule of Civil Procedure 23." Bussey v. Macon Cnty Greyhound Park, Inc., 562 F. App'x 782, 787 (2014). In order to obtain class certification, a plaintiff must demonstrate that the claim meets each of the requirements specified in Fed. R. Civ. P. 23(a), and at least one of the subsections of Fed. R. Civ. P. 23(b).

A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th Cir. 1984). Although a district court is not charged with determining the merits of a case at the certification stage, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. at 1570 n.11 (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982)). As such, a court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." Veal v. Crown Auto Dealerships, Inc., 236 F.R.D. 572,

577 (M.D. Fla. 2006). Therefore, "before a district court determines the efficacy of class certification, it may be required to make an informed assessment of the parties' evidence." Cooper v. S. Co., 390 F.3d 695, 712 (11th Cir. 2004).

Parties seeking certification of a class action must satisfy the four requirements of Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 613 (1997). Specifically, the four requirements of Rule 23(a) are as follows:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, courts have found that Fed. R. Civ. P. 23(a) contains an implicit requirement that the proposed class is "adequately defined and clearly ascertainable." Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1303-04 (11th Cir. 2012). Even if the plaintiffs satisfy the aforementioned requirements of Rule 23(a), they must also satisfy one of the three subsections of Rule 23(b). Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997). If the party seeking class certification fails to demonstrate any single requirement, then the case may not continue as a class action. Jones v. Roy, 202 F.R.D. 658, 662 (M.D. Ala.

2001).

## II. Analysis

In order to certify a class, a plaintiff must first establish that the proposed class is "adequately defined and clearly ascertainable" before evaluating the explicit requirements of Fed. R. Civ. P. 23(a).  See Bussey v. Macon Cnty. Greyhound Park, Inc., 562 F. App'x 782, 787 (11th Cir. 2014).  A class is "ascertainable" if "its members can be ascertained by reference to objective criteria."  Id. at 787 (emphasis added).  Of particular importance is the fact that "[t]hese 'objective criteria' should be 'administratively feasible,' meaning that the identification of class members should be 'a manageable process that does not require much, if any, individual inquiries.'"  Randolph v. J.M. Smucker Co., No. 13-CIV-80581, 2014 WL 7330430 at *3 (S.D. Fla. Dec. 22, 2014).  If a plaintiff is unable to demonstrate that the proposed class is clearly ascertainable, class certification is properly denied.  See Walewski v. Zenimax Media, Inc., 502 Fed. App'x 857, 861 (11th Cir. 2012).

In his Motion (DE 49), Plaintiff mischaracterizes the issue of ascertainability by conflating it with the issue of class superiority under Fed. R. Civ. P. 23(b)(3).  DE 49, pp. 21-22. Ascertainability is an issue separate and distinct from Fed. R. Civ. P. 23(b)(3), as "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is

an implied <u>prerequisite</u> of Federal Rule of Civil Procedure 23."

<u>John v. Nat'l Sec. Fire & Cas. Co.</u>, 501 F.3d 443, 445 (5th Cir. 2007)(emphasis added).  However, even though Plaintiff's arguments are misplaced, this Court will construe the arguments in Plaintiff's Motion as being made in the context of the threshold issue of whether the Proposed Class is adequately defined and clearly ascertainable.

Plaintiff asserts that "[t]he Court should not be distracted by Defendant's anticipated arguments concerning administrative difficulties in proving [c]lass membership."  DE 49, p. 21. Plaintiff proposes as a mechanism for ascertaining class membership a nationwide notice program, directed at both major media outlets and at targeted channels, including Defendant's distributors and retailers.  DE 49, p.22.  Further, Plaintiff proposes the use of an experienced third-party class action administrator for those class members whose identities and addresses are not already known to Defendant from Defendant's own records.  DE 49, p. 22.  Plaintiff describes the use of a third-party class action administrator as follows:

> [T]his process would screen out: (i) any claim form that stated the Product was purchased from a retailer or distributor from which Defendant knows [it] does not sell the product (by cross-checking them with records showing which retailers and distributors sold the Products, and permitting Defendant to determine if a particular retailer sold Product); (ii) any claim form that cannot properly identify the images feature[d] on the

> product's packaging; (iii) any claim form that
> misidentifies whether the Product was in pill,
> liquid, or other form; (iv) duplicative
> claims; and (v) known frequent fraudulent
> filers.   Finally, claimants will also be
> required to affirm their statements under
> penalty of perjury. Additionally, membership
> can be confirmed by class members'
> credit/debit card statements, loyalty cards,
> and/or receipts that a particular class member
> may have evidencing purchase of the Product.

DE 49, p. 22, n.7.  Thus, Plaintiff concludes that "[a]ny purported

"administrative difficulties of establishing members of the class

and providing appropriate notice do not negate the overall

<u>superiority</u> of the instant class action over the alternative of

piecemeal litigation . . . [a]ccordingly, Plaintiff has met his

burden to show that the requirements of <u>Rule 23(b)(3)</u> have been

met."  DE 49 p.22 (emphasis added).

In its Response (DE 70), Defendant argues that members of the

class would be difficult to ascertain as a result of (1) the fact

that customers rarely keep finished bottles of Product or have a

receipt identifying the purchased item(s), (2) Defendant sells the

Product through a variety of distribution channels, including

nearly 100 distributors, and (3) that Defendant has neither a

master list of consumers nor means to identify prospective class

members.  DE 70, p. 6.  Further, Defendant argues that Plaintiffs'

vaguely stated claim that a "professional claims administrator will

solve all ascertainability issues through major media outlets and

targeted channels" is unsupported by the record evidence.  DE 70,

p. 7.  As such, Defendants conclude that "Plaintiffs have failed to show any feasible and trustworthy way to properly ascertain the proposed class . . . [and, a]ccordingly, class certification should be denied." DE 70, p. 8.

Here, the Court finds that the Proposed Class is not clearly ascertainable since the class may not be ascertained on the basis of objective criteria.  Several factors support this conclusion. First, the nature of the purchase undermines the ascertainability of the class.  The Product is generally sold for less than $3.00. DE 68, ¶¶ 7, 9.  The purchase of energy drinks is relatively small in nature, and, as a result, purchasers are less likely to retain receipts or other records of such purchases.  See Red v. Kraft Foods, Inc., No. CV 10-1028-GW(AGRx), 2012 WL 8019257 (C.D. Cal. 2012).  Although, the Court notes that this factor is not dispositive, the Court's conclusion is further supported by the existence of a variety of Redline® products, including Redline® Energy Drink RTD, the existence of which obfuscates the ability to objectively verify membership in the class.  See e.g. Randolph v. J.M. Smucker Co., No. 13-CIV-80581, 2014 WL 7330430 at *8 (S.D. Fla. Dec. 22, 2014).

The significant similarities between Redline® Energy Drink RTD and the Product at issue in the above-styled cause raise concerns about the objective reliability of class member self-declaration, such as the "subjective memory problem."  See id.  The "subjective

8

memory problem" is present when a proposed class of individuals is unascertainable because there is no good way to identify such individuals and the Court cannot expect members of the class to recall the cumulative total of the product which they have consumed.  See Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014).  Redline® Energy Drink RTD and the Product have substantially similar ingredients and are bottled in similar containers.  DE 49-6, p. 62, ll. 12-23.  The existence of two such similar energy drinks manufactured and distributed by Defendant creates significant subjective memory problems.  Plaintiff's proposed protocol for a third-party class action administrator fails to articulate a reliable method to mitigate this potential subjective memory problem associated with self-identification in the context of similarities between the two energy drinks.  Further, the Court notes that "[c]ommon sense tells us that while named plaintiffs might make a point of remembering in great detail their history with the products about which they have filed suit, . . . regular class members might not."  Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014).  Even Plaintiffs are unable to reliably recall or objectively prove how many bottles of the Product they consumed.  See DE 49-9, p. 36, ll. 11-19; DE 97-3, p. 41, ll. 6-12.

Second, the fact that Defendant conducts most of its sales through distributors who, subsequently, sell to retailers also

increases the likelihood that the class is unascertainable. <u>See</u> DE 49-6, p. 26, ll. 7-12; <u>Karhu v. Vital Pharmaceuticals, Inc.</u>, 13-60768-CIV, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014). Approximately 60-70% of Plaintiff's Product sales are made through distributors. DE 49-6, p. 27, ll. 20-22. Given the fact that Defendant does not necessarily have the proper record to establish to whom the distributors and retailers sell their product, it is less likely that the class is clearly ascertainable by reference to objective criteria. DE 49-6, p. 11, ll. 14-22.

As mentioned, <u>supra</u>, Plaintiffs have the burden to prove to the Court's satisfaction that all elements of Rule 23 were met, both implicit and explicit. The Plaintiffs' pleadings and the record evidence fail to prove to the Court's satisfaction that the threshold issue of ascertainability has been met. As such, Plaintiff's Motion To Certify Class (DE 49) will be denied. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Certify Class And Incorporated Memorandum Of Law (DE 49) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____27th____ day of February, 2015.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:
All Counsel of Record

10